UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GEBRESIASE SIMON GEBREMEDN,

Petitioner,

v.

JEREMY CASEY, Warden

Respondent.

Case No.:  26-cv-1711-BJC-BLM

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Gebresiase Simon Gebremedn, a citizen of Ethiopia, entered the United States on July 1, 2025, to seek asylum and was taken into custody by Border Patrol.  ECF No. 6 at 2; ECF No. 8 at 2.[1]  After receiving a positive credible fear determination, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear, which initiated removal proceedings.  *Id*.  Petitioner applied for asylum, withholding of removal, and relief under the Convention Against Torture.  *Id*.  An immigration judge granted DHS's motion to pretermit Petitioner's asylum application under the Asylum

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

1

Cooperative Agreement ("ACA") and ordered Petitioner removed to Uganda. ECF No. 6 at 3; ECF No. 8 at 2. Petitioner filed an appeal with the Board of Immigration Appeals on February 27, 2026. ECF No. 6 at 3.

On March 18, 2026, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a motion to appoint counsel. ECF No. 1. On March 25, 2026, this Court conditionally appointed Federal Defenders of San Diego, Inc. as counsel, set a briefing schedule, and issued a limited stay to preserve the *status quo*. ECF No. 3. Petitioner filed an amended petition on April 1, 2026. ECF No. 6. Respondents filed a return on April 14, 2026, and Petitioner filed a traverse on April 16, 2026. ECF Nos. 8, 9.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner argues his detention has become unconstitutionally prolonged and he is entitled to release or a bond hearing. He further argues immigration judges' neutrality has been compromised and, therefore, the Court should order release. Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1), until his proceedings have concluded. Even if the Court infers a constitutional right against prolonged mandatory detention, Respondents argue Petitioner's detention of nine months falls short of the length courts have found raise due process concerns.

Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing

violates due process rights. *See Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025) (listing cases). Additionally, the Supreme Court and the Ninth Circuit have recognized that indefinite prolonged detention of an alien raises due process concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Accordingly, this Court finds prolonged detention without a bond hearing raises due process concerns that are inextricably linked to the length of incarceration.

Petitioner argues his detention is unconstitutionally prolonged pursuant to the factors in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019). Respondent addresses the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022), in support of their argument that Petitioner is lawfully detained. The Court finds the multi-factor test from *Banda*, which includes the three factors from *Lopez*, is more suitable to determine the possible constitutional implications of Petitioner's ongoing detention without process. The *Banda* test considers

> the (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id*. at 1106.

To date, Petitioner has been in custody almost a year. While not a bright line rule, generally, courts "become extremely wary of permitting continued custody absent a bond hearing" after a petitioner is detained past a year. *Yagao v. Figueroa*, No. 17-cv-2224-AJB-MDD, 2019 WL 1429582 at *2 (S.D. Cal. Mar. 29, 2019) (quoting *Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018)). Petitioner's detention is just days under that timeframe. As such, this factor weighs in

26-cv-1711-BJC-BLM

favor of finding Petitioner's detention implicates due process concerns.

The likely duration of future detention is neutral. Petitioner's appeal is pending before the BIA. Depending on the result, however, Petitioner will likely file an appeal with the Ninth Circuit Court of Appeals, and will likely remain in detention throughout the appeal. Next, Petitioner is detained at Otay Mesa Detention Center, where conditions "are not dissimilar to criminal confinement." *Gao*, 805 F. Supp. 3d at 1111. As such, this factor weighs in Petitioner's favor. Also, because neither party has caused unreasonable delays, the delay factors are both neutral. Finally, the Court is without sufficient information to determine whether Petitioner's proceedings will result in removal. As such, the final factor is neutral. On balance, the factors demonstrate Petitioner's ongoing detention is unreasonable, such that due process requires a bond hearing. *Banda*, 385 F. Supp. 3d at 1118.

The government shall provide the noncitizen with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless the noncitizen requests a continuance. The government bears the burden of establishing by clear and convincing evidence that noncitizen is a danger to the community or a flight risk if released, and the immigration judge will consider alternative conditions of release and the noncitizen's ability to pay bond. The government shall make a complete record of the proceedings available to the noncitizen and counsel. Petitioner's motion for expedited consideration is DENIED. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  June 23, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-1711-BJC-BLM